Henderson, Judge.
 

 It is difficult to prescribe a rule which shall regulate the judgment, in forming a conclusion in matter of faith, the same evidence does not always produce the same effects, upon the understanding of the same person.. It varies according to the state of the mind. As we cannot prescribe a rule for ourselves, much less can we do it for others. But in this I believe all agree, both in and out of Court, that the strength of evidence required to produce belief, is in the ratio of the improbability of the fact to be believed. And this is all I understand the Judge to mean — when he uses the expression
 
 medium proof,
 
 he is speaking of the nature and quantum of evidence. But when he speaks of its effects upon the mind, he says that the jury should be well satisfied of the prisoner’s
 
 guilt;
 
 by which I understand
 
 *65
 
 that although less strong and less irrefragable proof would produce that belief which would justify a convic-non in a misdemeanor, such as they were then trying, than in a capital case, yet in either case the. mind arrived at the same point,
 
 not having a rational doubt.
 
 The evidence must therefore he such as to exclude a rational doubt, for he tells the jury that they must be
 
 well satisfied
 
 of the prisoner’s guilt.
 

 I think however, that the evidence offered by the prisoner of the common reputation and understanding in the neighborhood, that he was a monied man, and carried considerable money to Georgia with him, was improperly rejected by the Court. For such facts if true, tended to throw light upon the subject the jury were then trying, viz. the Defendant’s knowledge that the notes were bad. And this seems to be admitted from the manner in which the case is stated. The objection seemed to be to the mode of proof, to-wit, common reputation. 1 think it the best and almost the only proof by which such facts can be established. They exist in reputation, for although proof may be had that a person had much property in his possession, yet when the question arises collaterally, recourse must be had to common reputation as to bis being the owner, and not to the title deeds, and especially whether he is a monied man. Such a character consists of so many distinct facts, as how much had he--was it his — would not his necessities compel him to use it and not keep it-could he soon re-place it-what were his habits, that of keeping and dealing in money or realizing it — that I think it almost impossible otherwise to prove it. Besides it is of such a character that it is almost impossible for it to become reputation, unless the fact be so. There is therefore very little danger of imposition in receiving it, and the prisoner certainly had a right to the benefit of it before the jury. For upon a question of
 
 scienter
 
 there is more probability that a vagabond, found in possession
 
 *66
 
 of one thousand dollars in bad money, knew it to be bad, than if such a sum is found in the possbssion of a monied man. In the first case, wc cannot well account for the vagabond’s having so large a sum, otherwise than by its being bad, or of his knowledge of it, unless he shows how he got itwhereas, in the other case, the reverse may happen. And if it weighed ever so little, the prisoner was entitled to its weight before the jury.
 

 Per Curiam. — Let the judgment below be reversed» and a new trial awarded.